**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**ROBERT PALLADINO,**

                **Plaintiff,**                      **CV:16-394**

     v.

**SUNRISE CREDIT SERVICES, INC.,**

                **Defendant.**
-----------------------------------------------------------X

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   INTRODUCTION**

1. This is an action for declaratory, actual and statutory damages brought by Plaintiff, **Robert Palladino**, an individual consumer, (hereinafter the "Plaintiff") against Sunrise Credit Services, Inc. (hereinafter "SCSI" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; for violation of the New York Fair Debt Collection Practices Act §601 (8) which prohibits principal creditors and their agents (debt collectors) from making a "claim or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist" (hereinafter "NYFDCPA") General Business Law §349 (hereinafter "GBL §349) against SCSI which prohibits deceptive acts or practices in the conduct of any business.

**II.   JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and such have jurisdiction to rule on violation of GBL §349.

**III.  PARTIES**

4. Plaintiff, Robert Palladino, (hereinafter referred to as "**Plaintiff**") is a natural person residing at 230 Foster Avenue, Sayville, New York 11782, Suffolk County, New York; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a

person affected by a violation of the FDCPA and other claims with standing to Sunrise Credit Services, Inc.bring this claim primarily under 15 U.S.C. §§1692.

5. Defendant SCSI is a New York Corporation engaged in the business of collecting debt in New York State with its principal place of business at 260 Airport Plaza Farmingdale, New York, 11735-3946.  The principal purpose of the Defendant is the collection of debts in this county and state and Defendant regularly attempts to collect debts alleged to be due another.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant is engaged in the collection of debts from consumers using the mail and the telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff allegedly owes a debt to Arrowwood Indemnity Company in connection with a debt owed to a student loan lender.

8. Said debt was purportedly transferred to Arrowwood Indemnity Company as a successor in interest based upon an insurance policy payment made to the original lender by Arrowwood and in return the alleged debt was transferred to Arrowwood.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant, SCSI, for collections against and from the Plaintiff.

10. On or about April 14, 2015, Plaintiff received what purports to be a "dunning letter" letter from SCSI, a copy of which is annexed hereto as **Exhibit "A"**, that he owes a debt for a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" (hereinafter referred to as "debt") as that term is defined by 15 U.S.C. §1692a(5).

11. Defendant admits and holds themselves out to be a debt collector in their letter. **See Exhibit "A".**

12. Plaintiff has had considerable embarrassment, anxiety, confusion and fear for himself and the financial well-being of his family, amongst other things because in Plaintiff's letter. **See Exhibit "B"**; Plaintiff's Affidavit in Support.

## V. SUMMARY

13. The above-described collection communications made to Plaintiff by Defendants and/or Defendants' employees, were made in violation of numerous and multiple

provisions of the FDCPA and the GBL, including but not limited to, all of the provisions of each cited herein.

14. During their collection communications, Defendants used language in their letters and communications which were intended to embarrass, abuse, deceive and confuse Plaintiff in furtherance of their financial gain.

15. Specifically, Defendant wrote "it was beyond "understanding that I had failed to pay this alleged debt", a debt for which Plaintiff was a mere co-signer and not the recipient of the loan or the person to whom any previous letters had been sent regarding the student loan which were sent to the Signor. The language and tone of the statement made by SCSI is degrading and humiliating with the intent if embarrassing him into paying this alleged debt. The implication that as the father of the student loan borrower, he should be ashamed of himself for this default if this debt.

16. Defendant also used a threatening tone to imply that if the Plaintiff did not make immediate payment SCSI would ceaselessly pursue collection of the debt "making no mistake".

17. Due to Defendants numerous, intentional and malicious violations of FDCPA §1692 *et seq.* Plaintiff has suffered damages as a result of these illegal, abusive and deceptive collection communications by the Defendant in the form of abuse, disgrace, anger, anxiety, emotional distress, embarrassment and frustration, amongst other negative emotions and due to the willfully abusive tactics of the Defendant.

18. The abusive and oppressive written communications of the Defendant is in violation of the FDCPA, as well as, a violation of GBL § 601 (NYFDCPA) and §349.

19. Additionally, pursuant to GBL §349 Defendant is also liable for actual damages, punitive damages, and reasonable attorney fees.

**FIRST CLAIM FOR RELEIF**
**VI. <u>FAIR DEBT PRACTICES ACT (FDCPA) VIOLATIONS</u>**

20. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

21. Defendants violated numerous provisions of the FDCPA. Defendants' willful and wanton violations include but are not limited to the following:

    (a) §1692d:    The natural consequence of the language of the letter was to harass, oppress and abuse.

(b) §1692d (2): Defendant's letter was intended to abuse Plaintiff by implying that he was committing an unthinkable act such that Plaintiff/co-signer would be compelled to pay off the alleged debt.
(c) §1692e: Defendants letter was deceptive in its attempt to collect the alleged debt.
(d) §1692e (7): SCSI's letter was intended to disgrace the Plaintiff by implying that his failure to pay the alleged debt was beyond human understanding which was intended to disgrace Plaintiff to pay the alleged debt.
(e) §1692e(10): Defendants letter was deceptive in its attempt to collect the alleged debt.
(f) **§**1692f: Defendants means to collect the alleged debt was unfair and unconscionable.

22. As a result of each of SCSI's violations of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA; actual damages including non-pecuniary damages as a result of emotional distress, abuse and embarrassment pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 from Defendant SCSI pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from Defendant SCSI pursuant to 15 U.S.C. §1692k(a)(3).

**SECOND CLAIM FOR RELIEF**
**VII.   NEW YORK FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

24. The Plaintiff is a "consumer" as that term is defined in the New York Fair Debt Collection Practices Act § 600 of New York.

25. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the New York Fair Debt Collection Practices Act § 600 of New York.

26. The Defendant was and is a "debt collector" as that term is defined by applicable provisions of the New York Fair Debt Collection Practices Act§ 600.

27. Under the New York Fair Debt Collection Practices Act §601 ("NYFDCPA") the Defendant was and is prohibited from engaging in any conduct the natural consequences of which is to oppress, harass or abuse any person. All of the FDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section. The improper "dunning letter" sent by SCSI have a harassing and oppressive effect to deceive, abuse and embarrass Plaintiff.

28. As a result, the Defendants are liable under New York Fair Debt Collection Practices Act § 602 violations and for penalties.

29. Although GBL§601 does not permit for a private cause of action, it is well within this Court's power to grant to Plaintiff a declaratory judgment adjudging that Defendants violated the NYFDCPA.

## THIRD CLAIM FOR RELIEF
## VIII.   GENERAL BUSINESS LAW §349

36. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

37. The Plaintiff is a "consumer" as that term is defined in the GENERAL BUSINESS LAW § 349 of New York.

38. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

39.  The Defendant SCSI was and is a "debt collector" as that term is defined by applicable provisions of the GBL§ 349.

40. Under the GBL §349 the Defendant was and is prohibited from engaging in any deceptive acts and/or to commit such deceptive acts for pecuniary gain. All of the FDCPA and NYFDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section. The improper and deceptive letter were intended to embarrass Plaintiff, a co-signer of a debt to pay the alleged debt by using abusive, oppressive tactics to coerce Plaintiff to pay the debt.

41. By virtue of SCSI's unlawful use of abusive and oppressive tactics in order to collect a debt, which is a violation of the FDCPA and therefore unlawful Defendant is also in violation of GBL §349.

42. Plaintiff has statutory damages and has suffered non-pecuniary damages in the form of stress, embarrassment, fear, anxiety and harassment.

43. As a result, the Defendant is liable under GBL § 349 for violations and penalties.

## TRIAL BY JURY

**44.** Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant Sunrise Credit Services, Inc.'s conduct violated the FDCPA;

B. Declaratory judgment that Defendants violated the New York Fair Debt Collection Practices Act.

C. Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1) against Defendant;

D. Statutory damages of $1,000.00 pursuant to New York General Business Law §§ 349;

E. Actual damages for emotional distress and abuse;

F. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

G. For such other and further relief as the Court may deem just and proper.

Dated this 25th day of January, 2016.

Respectfully submitted,
/s/ Darren Aronow_____
Darren Aronow, Esq.
Attorney for Plaintiff
The Law Office of Darren Aronow, PC
8B Commercial Street, Suite 1
Hicksville, NY 11801
516-663-0970 phone
516-303-0066 fax